UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>v.<br><br>HARVARD UNIVERSITY, HARVARD UNIVERSITY BOARD OF OVERSEERS, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and BRIGID HARRINGTON, in her individual and official capacity,<br><br>    Defendants. | Civil Action No. 1:19-cv-10138-RWZ |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

NOW COMES PLAINTIFF JANE DOE and respectfully objects to Defendant's Motion to Dismiss dated March 14, 2019.

The underlying Complaint rests squarely on the allegation that Defendant Harvard University allows gender bias to influence admission decisions. Specifically, Plaintiff alleges discrimination on the basis of her transgender status. Harvard's own policies emphasize an apparent commitment to diversity and inclusion and prohibit discrimination based on gender identity. Defendant Harvard University denies any such discrimination and argues instead that Plaintiff was denied admission to HGSE and HBS because she was not a competitive applicant based on her academic record, test scores, work history, and personal statements. Harvard additionally denies having taken any action based on her gender or gender identity.

Harvard's Motion to Dismiss includes various exhibits, including Plaintiff's application documents and email correspondence regarding letters of recommendation. Harvard has not

included the complete and full record of all email correspondence, including an email affirming the drafting of a letter of recommendation.

A court's goal in reviewing a Rule 12(b)(6) motion is to determine whether the factual allegations in the plaintiff's complaint set forth "a plausible claim upon which relief may be granted.'" Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014), quoting Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 353 (1st Cir. 2013). "The court must take all of the pleaded factual allegations in the complaint as true" and make "reasonable inferences, drawn from the alleged facts, in the pleader's favor." Id. at 71, 75. Plaintiff is not required to submit evidence to defeat a Rule 12(b)(6) motion, but need only sufficiently allege in its complaint a plausible claim. Id. at 72. The complaint need not allege facts sufficient to show a probability that the College acted unlawfully. "Plausible, of course, means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels [the Court] to draw on judicial experience and common sense." Brown v. Bank of Am., 67 F. Supp. 3d 508, 513 (D. Mass. 2014), quoting Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all allegations in the complaint are true (even if doubtful in fact).'" Bloomer v. Becker College, 2010 U.S. Dist. LEXIS 82997, at *9 (D. Mass. Aug. 13, 2010), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Plaintiff asserts a number of allegations that Defendant Harvard University violated Title IX of the Education Amendments of 1972 (20 U.S.C. §§ 1681-1688 [commonly known as "Title IX"]) Compl. ¶¶ 199-223. Title IX provides that "[n]o person in the United States shall, on the

basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Pursuant to Title IX, the Department of Education promulgated 34 C.F.R. 106.312, Discrimination on the Basis of Sex in Education Programs or Activities Prohibited, which states,

(a) *General*. Except as provided elsewhere in this part, no person shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any academic, extracurricular, research, occupational training, or other education program or activity operated by a recipient which receives Federal financial assistance…

(b) *Specific prohibitions*. Except as provided in this subpart, in providing any aid, benefit, or service to a student, a recipient shall not, on the basis of sex:

(1) Treat one person differently from another in determining whether such person satisfies any requirement or condition for the provision of such aid, benefit, or service; (2) Provide different aid, benefits, or services or provide aid, benefits, or services in a different manner; (3) Deny any person any such aid, benefit, or service; (4) Subject any person to separate or different rules of behavior, sanctions, or other treatment;... (7) Otherwise limit any person in the enjoyment of any right, privilege, advantage, or opportunity. 34 C.F.R. 106.31

Plaintiff alleges she was treated differently based on her transgender status. Defendant Harvard University has submitted evidence in support of their Motion to Dismiss which is incomplete and one sided. Plaintiff is entitled to conduct discovery to obtain complete records of email correspondence and other records to support her case. Plaintiff no longer has full records of relevant and pertinent email correspondence in her possession, however, the Defendant will surely be compelled to provide them.

It would be inequitable and unjust not to allow Plaintiff to proceed and engage in the discovery process so that she may additionally compel the production of full and complete records of admission statistics, policies and protocols as to the weighing and consideration of all

applicant characteristics to prove her allegation of transgender bias. It would be equally unfair and unjust to allow Defendant Harvard University to simply make a statement as to Plaintiff's alleged unfitness for their programs without more fully supporting their claim.

  Respectfully submitted this 25th Day of April, 2019,

*/s/ Cynthia E. MacCausland*
Cynthia E. MacCausland, Esq.
BBO #676990
470 Washington Street
Norwood, MA
Telephone:  (617) 284-3804
Facsimile:   (617) 507-5852
cynthia@maccauslandlaw.com

*Attorney for Jane Doe*

**CERTIFICATE OF SERVICE**

I, Cynthia MacCausland, counsel for Plaintiff, hereby certify that this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

*Dated: April 25, 0219*    /s/ Cynthia MacCausland
　　　　　　　　　　　　Cynthia MacCausland