UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-10138-RWZ

JANE DOE

v.

HARVARD UNIVERSITY, *et al.*

MEMORANDUM OF DECISION AND ORDER

October 17, 2019

ZOBEL, S.D.J.

Plaintiff Jane Doe alleges that defendant Harvard University ("Harvard") rejected her graduate school applications because of her transgender status in violation of Title IX of the Education Amendments of 1972 ("Title IX") and Massachusetts state law. Harvard moves to dismiss the complaint (Docket # 5).

**I.      Factual Background**

Plaintiff is a transgender Muslim woman of Hispanic origin and holds a Bachelor of Science degree from a Midwestern university. In 2017, plaintiff submitted three applications to Harvard: two to the Masters of Business Administration ("MBA") program and one to the School of Education's masters degree program. Harvard denied all three applications.[1] While her applications were pending, plaintiff attended several Harvard admissions events. She alleges that a male admissions officer forcibly kissed

---

[1] I accept as true all facts presented in plaintiff's complaint and regard them as the exclusive factual base for purposes of this motion. Accordingly, I do not consider evidence submitted by defendants that contests plaintiff's version of events, including that regarding the timeline of the rejection of plaintiff's three applications.

her at one such event at the business school on October 16, 2017.  Plaintiff also alleges that, on an unspecified date, a business school admissions officer told her that Harvard had not admitted any transgender students in the last three admissions cycles.

Plaintiff claims she reported these two incidents to Harvard, though she does not specify when, to whom, or what she reported.  On June 4, 2018, plaintiff filed a complaint with the Massachusetts Commission Against Discrimination (MCAD), alleging that Harvard excluded her because of her gender identity in violation of M.G.L. c. 151C.  The MCAD dismissed the complaint on November 29, 2018, for lack of probably cause.  Plaintiff subsequently filed the instant suit on January 22, 2019.

## II.     Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Accordingly, a complaint must include more than a rote recital of the elements of a cause of action; it must include 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Artuso v. Vertex Pharm., Inc., 637 F.3d 1, 5 (1st Cir. 2011) (quoting Twombly, 550 U.S. at 570).

For purposes of a motion to dismiss, the court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in the plaintiff's favor.  See Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 52-53 (1st Cir. 2013).  However, the court does not accept as true allegations that, though "not stating ultimate legal

conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory and the factual." Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011) (quoting Twombly, 550 U.S. at 557 n.5).

## III.   Analysis

### A.   Title IX Claim

Title IX dictates that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).  Title IX applies to the admissions process. Cannon v. Univ. of Chi., 441 U.S. 677, 688-89 (1946); 34 C.F.R. § 106.21.

Neither plaintiff's complaint nor her briefing identifies which of the several theories of Title IX liability she intends to pursue.  I will therefore analyze the claim under the most logical rubric: a disparate treatment claim in the admissions context.[2] To state that claim, plaintiff must plead: "(1) she was excluded from participation in, denied the benefits of, or subjected to discrimination in an educational program; (2) that the program receives federal financial assistance; and (3) that her exclusion was on the basis of her gender." Tingley-Kelley v. Trustees of Univ. of Pa., 677 F. Supp. 2d 764, 775 (E.D. Pa. 2010).  The instant claim fails on the third prong.  Beyond conclusory rhetoric, the complaint is devoid of any facts supporting a claim that Harvard rejected plaintiff because of her transgender status.  She asserts that: (1) a male admissions

---

[2] Because defendants do not dispute that Title IX protects transgender students, I do not wade into that evolving area.

officer forcibly kissed her at a Harvard Business School event; (2) a Harvard admissions officer told her that no transgender students had been admitted in the past three admissions cycles; and (3) she reported these incidents to the university.  But without more, the successive denial of plaintiff's applications does not provide the causative connection necessary to state a plausible claim for relief.

To the extent that plaintiff intends to take her claim one step further by pursuing a retaliation theory, that claim, too, would fail.  Plaintiff does not assert any facts giving rise to a "retaliatory motive" that "played a substantial part in prompting" the denial of her applications.  Frazier v. Fairhaven Sch. Comm., 276 F.3d 52, 67 (1st Cir. 2002).  Without any facts beyond basic temporal proximity suggesting such a connection to her rejection, her report to the university of her interactions with admissions officers does not, by itself, give rise to such a motive.

Plaintiff's complaint likewise cannot support a direct challenge to Harvard's treatment of her harassment complaint.  To confront the university's alleged deliberate indifference to her complaint under Title IX, she must assert sexual harassment "that is so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit."  Davis Next Friend LaShonda D. v. Monroe Cty. Bd. of Educ., 526 U.S. 629, 633 (1999).  Plaintiff's allegations do not approach that standard.

### B.     Massachusetts Claims

Plaintiff's state law claims fare no better.

First, she fails to state a claim under M.G.L. c. 151C because she does not assert (1) that she was qualified for admission to Harvard's Schools of Business or Education, or (2) that similarly situated non-transgender applicants were treated more favorably (i.e., were accepted).  Pierre v. Salem State Coll., No. 98-12-1609, 2006 WL 1319391, at *6 (May 1, 2006); MCAD v. Salem State Coll., No. 98-BED-1609, 2003 WL 1996270, at *2 (March 6, 2003).  Indeed, plaintiff acknowledges, without retort, that the MCAD found the opposite—that she was not qualified for either degree program and that applicants with similar credentials were routinely rejected.

Second, plaintiff lacks standing to assert a claim under M.G.L. c. 151B, the Fair Employment Practices Act, because she is not a current or prospective employee of Harvard.  Mass. Gen. Laws ch. 151B, § 4 (prohibiting certain unlawful practices by employers); 10 Mass. Prac., Procedural Forms Annotated § 29:1 (6th ed.) ("M.G.L.A. c. 151B, the Fair Employment Practices Act, applies to a claim for employment discrimination against an employer with six or more employees.").

**IV.   Conclusion**

Defendants' motion to dismiss (Docket # 5) is allowed.  Judgment may be entered dismissing the complaint against defendants Harvard University and President and Fellows of Harvard College.

|  |  |
|---|---|
| 10/17/2019 | /s/ Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | SENIOR UNITED STATES DISTRICT JUDGE |